FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2014 JUL -8 A 11: 30

BELMORA LLC,

*Plaintiff,*

v.

BAYER CONSUMER CARE AG and BAYER
HEALTHCARE LLC

*Defendants.*

Civil Action No. 1:14-CV-847
(GBL/JFA)

ECF Case

## COMPLAINT

Plaintiff, by its attorneys, Jennison & Shultz, P.C., allege upon personal knowledge as to its own acts and upon information and belief as to all other acts as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for judicial review of a final Trademark Trial and Appeal Board ("TTAB") decision pursuant to 5 U.S.C. §§ 701 et seq. and 15 U.S.C. §§ 1064, 1071(b) and for a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

2. Belmora LLC ("Belmora" or "Plaintiff") is a Virginia limited liability company with its headquarters located at 1805 Crystal Drive, Unit 303, Arlington, Virginia 22202. Plaintiff provides pharmaceutical products and related health information to consumers.

3. Upon information and belief, Bayer Consumer Care AG ("Bayer AG" or "Defendant") is a Swiss corporation with its principal place of business at Peter Merian-Str. 84, Basel, Switzerland 4052.

1

4. Upon information and belief, Bayer Healthcare LLC ("Bayer Healthcare") is a Delaware limited liability company with its principal place of business at 100 Bayer Boulevard, Whippany, New Jersey 07981.

5. Upon information and belief, Bayer AG exercises some form of corporate control over Bayer Healthcare.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction before this Court is founded upon 5 U.S.C. § 701 et seq. (review of final agency action), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201 et seq. (declaratory judgment).

7. Venue in this Judicial District with respect to the claims set forth herein against Defendants is proper pursuant to 28 U.S.C. § 1391(b).

8. Defendants are subject to personal jurisdiction in this District because they do business in this District.

## PLAINTIFF BELMORA AND ITS USE OF ITS FLANAX MARK

9. Belmora was formed in 2002 and is owned and operated by Jamie Belcastro.

10. Belmora sells over-the-counter pain relief products, including products under the brand name FLANAX, in the United States.

11. Belmora's original FLANAX product was an analgesic tablet that contains naproxen sodium as its active ingredient.

12. Today, Belmora offers multiple products under the FLANAX name, including an analgesic tablet, liniment, antacid and cough lozenges (collectively, "Belmora's FLANAX Products").

13. On October 6, 2003, Belmora filed Application Serial No. 78/310029 with the United States Patent and Trademark Office ("USPTO") to register the word mark FLANAX for orally ingestible tablets of naproxen sodium for use as an analgesic (the "FLANAX Trademark Application").

14. Belmora's FLANAX Trademark Application was published for opposition on August 3, 2004.

15. The USPTO issued the Registration for Belmora's FLANAX mark on February 1, 2005 as Registration No. 2924440 (the "FLANAX mark"). A true and correct copy of Registration No. 2924440 is attached hereto as **Exhibit A**.

16. No opposition was filed relating to Belmora's FLANAX Trademark Application prior to its registration.

17. Beginning no later than March 1, 2004, Plaintiff has made legal and continuous use of the mark FLANAX in interstate commerce in the United States in connection with its over-the-counter pain reliever product.

18. The FLANAX mark is a valuable asset of Belmora because it represents and embodies a substantial investment of time, money and goodwill.

### PLAINTIFF BELMORA AND ITS USE OF ITS TRADE DRESS

19. Belmora has used and continues to use certain product packaging for its naproxen sodium analgesic tablet FLANAX product.

20. Prior to 2008, Belmora used the product packaging for its naproxen sodium analgesic tablet FLANAX product shown in Belmora's Specimen, filed on November 11, 2004 as part of its FLANAX Trademark Application.

21. In 2008, Belmora changed the product packaging for its naproxen sodium analgesic tablet FLANAX product, as shown in Belmora's Specimen, filed November 9, 2010 as part of its FLANAX Trademark Application. Belmora has used this product packaging since 2008.

22. The product packaging described in paragraphs 19-21 *supra* will be referred to as Belmora's Trade Dress.

23. Belmora's Trade Dress is a valuable asset of Belmora because it represents and embodies a substantial investment of time, money and goodwill.

## DEFENDANTS AND THEIR USE OF THE FLANAX MARK

### A. Defendants Do Not Have Any United States Trademark Rights in the FLANAX Mark

24. Upon information and belief, Bayer Healthcare markets and sells an analgesic tablet under the name ALEVE in the United States.

25. Upon information and belief, Bayer Healthcare does not market or sell any product under the FLANAX name in any country.

26. Upon information and belief, Bayer Healthcare does not own any trademark rights for the mark FLANAX in any country.

27. Bayer AG has claimed that it owns a Mexican trademark registration for the mark FLANAX for pharmaceutical products, analgesics and anti-inflammatories, trademark registration No. 224435 (the "Mexican FLANAX mark").

28. The registration for the Mexican FLANAX mark was purportedly assigned to Bayer AG in 2005, which was after Belmora began using the FLANAX mark in the United States and after Belmora received its registration for the FLANAX mark.

29. Upon information and belief, Bayer AG sells a naproxen sodium product in Mexico under the Mexican FLANAX mark ("Mexican FLANAX").

30. Upon information and belief, Bayer AG does not own, or have any interest in, any

4

federal or state trademark registration for the mark FLANAX in the United States.

31. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, own, or have any interest in, any federal or state trademark registration for the mark FLANAX in the United States.

32. On February 27, 2004, Bayer AG filed an application to register the mark FLANAX in the United States for analgesic preparation, Application No. 78/375,157 (the "Bayer AG FLANAX Application").

33. On May 16, 2005, the USPTO issued an Office Action rejecting the Bayer AG FLANAX Application under 15 U.S.C. § 1052(d) in light of Belmora's registered FLANAX mark, Registration No. 2924440.

34. Bayer AG failed to respond to the USPTO's May 16, 2005 Office Action.

35. Bayer AG's FLANAX Application was subsequently deemed abandoned on December 16, 2005.

36. Bayer AG was on notice of Belmora's FLANAX mark and Trade Dress at least as early as May 16, 2005, the date of the USPTO's Office Action rejecting Bayer AG's FLANAX Application in light of Belmora's registered FLANAX mark, Registration No. 2924440.

**B. Defendants Do Not Have Any United States Trade Dress Rights in the Packaging of its Mexican Flanax Product**

37. Upon information and belief, Bayer AG has never sold a product with or used its Mexican Flanax product's packaging in the United States.

38. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, have ever sold a product with or used the Mexican Flanax product's packaging in the

United States.

39. Upon information and belief, Bayer AG has not registered the Mexican Flanax product's packaging as a trademark in the United States.

40. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, have registered the Mexican Flanax product's packaging as a trademark in the United States.

41. Upon information and belief, Bayer AG does not own any protectable trade dress rights in the Mexican Flanax product's packaging in the United States.

42. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, own any protectable trade dress rights in the Mexican Flanax product's packaging in the United States.

**C. Defendants Have Not, and Cannot, Market or Sell the Mexican FLANAX Product in the United States**

43. Upon information and belief, Bayer AG has never used the mark FLANAX in United States commerce.

44. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, have used the mark FLANAX in United States commerce.

45. Upon information and belief, Bayer AG has never marketed or sold its Mexican FLANAX product in the United States.

46. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer

Healthcare, have marketed or sold the Mexican FLANAX product in the United States.

47. Upon information and belief, Bayer AG has never marketed or sold any product under the FLANAX mark in the United States.

48. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, have marketed or sold any product under the FLANAX mark in the United States.

49. Upon information and belief, it is illegal for Bayer AG to market or sell its Mexican FLANAX product in the United States because it has not established that its Mexican FLANAX product meets the requisite safety, efficacy, manufacturing and labeling requirements of the United States Food and Drug Administration ("FDA").

50. Upon information and belief, it is illegal for any of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, to market or sell the Mexican FLANAX product in the United States because it has not been established that the Mexican FLANAX product meets the requisite safety, efficacy, manufacturing and labeling requirements of the FDA.

51. Upon information and belief, it is illegal for Bayer AG to market or sell any drug under the FLANAX name in the United States because it has not established that such a product meets the requisite safety, efficacy, manufacturing and labeling requirements of the FDA.

52. Upon information and belief, it is illegal for any of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, to market or sell any drug under the FLANAX name in the United States because it has not been established that such a product meets the requisite safety, efficacy, manufacturing and labeling requirements of the FDA.

53. Upon information and belief, Bayer AG has not received approval from the FDA through a New Drug Application to market or sell its Mexican FLANAX product in the United States.

54. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, have received approval from the FDA through a New Drug Application to market or sell the Mexican FLANAX product in the United States.

55. Upon information and belief, Bayer AG's Mexican FLANAX product does not satisfy the qualifications for the FDA's over-the-counter drug monograph process.

56. Upon information and belief, Bayer AG has never tried to market or sell its Mexican FLANAX product in the United States under any FDA over-the-counter drug monograph and/or New Drug Application.

57. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, have ever tried to market or sell its Mexican FLANAX product in the United States under any FDA over-the-counter drug monograph and/or New Drug Application.

58. Upon information and belief, Bayer AG has not received approval through a New Drug Application for any drug under the FLANAX name in the United States.

59. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, have received approval through a New Drug Application for any drug under the FLANAX name in the United States.

60. Upon information and belief, Bayer AG has never attempted to market or sell any

Case 1:14-cv-00847-GBL-JFA Document 1 Filed 07/08/14 Page 9 of 19 PageID# 9

drug under the FLANAX name under any FDA over-the-counter drug monograph and/or New Drug Application.

61. Upon information and belief, none of Bayer AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer Healthcare, have ever attempted to market or sell any drug under the FLANAX name under any FDA over-the-counter drug monograph and/or New Drug Application.

62. Accordingly, because neither Bayer AG nor Bayer Healthcare have ever lawfully used the FLANAX mark or sold a Flanax-named product in commerce in the United States, neither Bayer AG nor Bayer Healthcare, including any of their parents, predecessors, successors, affiliates, subsidiaries or other related business entities, can own trademark rights in the FLANAX mark or trade dress rights in the Mexican Flanax product's packaging recognized under the Lanham Act.

## DEFENDANT BAYER AG'S PETITION TO CANCEL PLAINTIFF BELMORA'S REGISTRATION FOR THE FLANAX MARK

63. On June 29, 2007, Bayer AG filed a petition to cancel Registration No. 2924440 for the FLANEX mark, Cancellation No. 92047741. A true and correct copy of the petition to cancel is attached hereto as **Exhibit B**.

64. In lieu of responding, on August 28, 2007, Belmora filed a motion to dismiss the cancellation petition under Fed. R. Civ. P. 12(b)(6) and Section 503 of the *Trademark Trial & Appeal Board Manual or Procedure* arguing that Bayer AG did not properly allege any statutory ground for cancelling the mark and that it did not have standing. Cancellation No. 92044741 Dkt. 7.

65. In response, Bayer AG filed an amended cancellation petition. Cancellation No. 92044741 Dkt. 8.

66. On October 26, 2007, Belmora again filed a motion to dismiss Bayer AG's amended petition under Fed. R. Civ. P. 12(b)(6) and Section 503 of the *Trademark Trial & Appeal Board*

*Manual or Procedure* because Bayer AG did not properly allege any statutory ground for cancelling the mark or that it had standing. Cancellation No. 92044741 Dkt. 11.

67. In an order dated July 29, 2008, the United States Trademark Trial and Appeal Board ("TTAB") granted Belmora's motion to dismiss but allowed Bayer AG to replead. Cancellation No. 92044741 Dkt. 17. A true and correct copy of the TTAB's July 29, 2008 decision is attached hereto as **Exhibit C**.

68. Bayer AG then filed a second amended cancellation petition on August 28, 2008. Cancellation No. 92044741 Dkt. 18.

69. In response, Belmora moved to dismiss the second amended petition for failure to state a claim. Cancellation No. 92044741 Dkt. 20.

70. On April 6, 2009, the TTAB granted in part Belmora's motion to dismiss, in which it dismissed with prejudice Bayer AG's claims under Section 2(d) of the Lanham Act, Article 6*bis* of the Paris Convention, and fraud claims. It denied Belmora's motion to dismiss with respect to Bayer AG's misrepresentation of source claims under Section 14(3) of the Lanham Act. Cancellation No. 92044741 Dkt. 25. A true and correct copy of the TTAB's April 6, 2009 decision is attached hereto as **Exhibit D**.

71. On September 14, 2009, Belmora filed a motion for summary judgment that Bayer AG lacked standing to obtain relief under Section 14(3) and that Belmora did not misrepresent the source of its Flanax products. Cancellation No. 92044741 Dkt. 28.

72. On February 2, 2010, the TTAB denied Belmora's motion for summary judgment with respect to the standing issue because Belmora did "not demonstrate[] the absence of any genuine issues of material fact," deferred ruling on Belmora's motion for summary judgment with

respect to the misrepresentation of source claim, and granted Bayer AG additional discovery. Cancellation No. 92044741 Dkt. 43.

73. On January 10, 2011, after the parties completed discovery, the TTAB denied Belmora's motion for summary judgment with respect to the misrepresentation of source claim because "there [were] genuine issues of material fact remaining for trial." Cancellation No. 92044741 Dkt. 60.

74. On April 17, 2014, the TTAB granted Bayer AG's petition to cancel Belmora's Registration No. 2924440 for the FLANAX mark under Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3). A true and correct copy of the TTAB's April 17, 2014 decision is attached hereto as **Exhibit E**.

75. On June 3, 2014, Belmora filed its Notice of Appeal to the Federal Circuit with the TTAB. Cancellation No. 92044741 Dkt. 141.

76. On June 13, 2014, Bayer AG filed its Notice of Election to Have Review by Civil Action with the TTAB, pursuant to 15 U.S.C. § 1071. Cancellation No. 92044741 Dkt. 143.

## DEFENDANTS' PARALLEL DISTRICT COURT ACTIONS

77. On June 6, 2014, Bayer AG and Bayer Healthcare filed suit against Belmora LLC, Jamie Belcastro, and Does 1-10 in the Southern District of California for (1) unfair competition in violation of Section 43(a) of the Lanham Act; (2) false advertising in violation of Section 43(a) of the Lanham Act; (3) unfair competition in violation of California Business & Professions Code § 17200, et seq.; (4) false advertising in violation of California Business & Professions Code § 17500, et seq.; and (5) unfair competition in violation of California common law (the "S.D. Cal. Action"). Dkt. 1 (*Bayer Consumer Care AG et al. v. Belmora LLC et al.*, No. 14-cv-01395 (S.D. Cal. June 6, 2014)). A true and correct copy of the Complaint in the S.D. Cal. Action is attached hereto as **Exhibit F**.

11

78. The next business day and prior to serving any defendant, Bayer AG and Bayer Healthcare filed a Notice of Voluntary Dismissal without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A) in the S.D. Cal. Action, stating that they "voluntarily dismiss[] the above-captioned action, without prejudice as to all defendants, and without further notice" because the "case was filed in the wrong district." Dkt. 5 (*Bayer Consumer Care AG et al. v. Belmora LLC et al.*, No. 14-cv-01395 (S.D. Cal.)).

79. On June 9, 2014, the same day as the dismissal of the S.D. Cal. Action, Bayer AG and Bayer Healthcare refiled their complaint in the Central District of California (the "C.D. Cal. Action"). Dkt. 1 (*Bayer Consumer Care AG et al. v. Belmora LLC et al.*, No. 14-cv-004433 (C.D. Cal.)). A true and correct copy of the Complaint in the C.D. Cal. Action is attached hereto as **Exhibit G**.

80. The C.D. Cal. Action Complaint alleges the same causes of action as the S.D. Cal. Complaint.

81. On June 12, 2014, the United States District Court for the Central District of California issued an Order to Show Cause in the C.D. Cal. Action ordering "the parties to show cause, in writing not to exceed 15 pages, why this action should not be transferred to the United States District Court for the District of New Jersey, or, in the alternative, to the United States District Court for the Eastern District of Virginia, for the convenience of the parties and witnesses, and in the interest of justice." Dkt. 15 (*Bayer Consumer Care AG et al. v. Belmora LLC et al.*, No. 14-cv-004433 (C.D. Cal.)).

82. Bayer AG and Bayer Healthcare served Belmora LLC and Jamie Belcastro with the C.D. Cal. Action on June 13, 2014.

83. As requested by the Central District of California in its Order to Show Cause, Belmora LLC and Jamie Belcastro are filing their Order to Show Cause Response on July 7, 2014, and seeking transfer and consolidation of the C.D. Cal. Action with the present action in the Eastern District of Virginia.

## COUNT I
### REQUEST FOR JUDICIAL REVIEW OF TTAB DECISION AGAINST BAYER AG - STANDING

84. Belmora incorporates by reference into Count I all allegations contained in paragraphs 1 through 83 of this Complaint as though set forth fully herein.

85. As the TTAB has issued a Final Decision cancelling Belmora's FLANAX registration, Belmora respectfully requests *de novo* judicial review of the decision under the Administrative Procedures Act and the Lanham Act.

86. Bayer AG does not have any United States trademark rights in the FLANAX mark.

87. Bayer AG does not use the FLANAX mark in the United States.

88. The TTAB made an erroneous conclusion that Bayer AG had standing and/or a cause of action to seek cancellation of Belmora's FLANAX mark and that Bayer AG had a claim for cancellation under Section 14(3) of the Trademark Act.

89. The TTAB's decision of April 17, 2014 should be reversed and vacated, and an order should be entered directing the USPTO to dismiss Bayer AG's petition to cancel.

## COUNT II
### REQUEST FOR JUDICIAL REVIEW OF TTAB DECISION AGAINST BAYER AG – MISREPRESENTATION OF SOURCE, LANHAM ACT SECTION 14(3)

90. Belmora incorporates by reference into Count II all allegations contained in paragraphs 1 through 83 of this Complaint as though set forth fully herein.

13

91. As the TTAB has issued a Final Decision cancelling Belmora's FLANAX registration, Belmora respectfully requests *de novo* judicial review of the decision under the Administrative Procedures Act and the Lanham Act.

92. The TTAB made an erroneous conclusion that Belmora was using the FLANAX mark to misrepresent source, in violation of Section 14(3) of the Trademark Act.

93. The TTAB's decision of April 17, 2014 should be reversed and vacated, and an order should be entered directing the USPTO to dismiss Bayer AG's petition to cancel.

### COUNT III
### DECLARATION THAT PLAINTIFF HAS NOT COMMITTED UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a), ANY STATE STATUTE, OR ANY COMMON LAW

94. Plaintiff incorporates by reference into Count III all allegations contained in paragraphs 1 through 83 through of this Complaint as though set forth fully herein.

95. An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendants concerning Defendants' rights in the FLANAX mark and Plaintiff's use of the FLANAX mark and its Trade Dress in the United States.

96. Plaintiff's use of the FLANAX mark and its Trade Dress are not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship, or approval of Plaintiff's goods by Defendants.

97. Plaintiff's statements and actions relating to its FLANAX Products are not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship, or approval of Plaintiff's goods by Defendants.

98. Plaintiff seeks a declaratory judgment that its use of the FLANAX mark and its Trade Dress, as well as Plaintiff's statements and actions relating to its FLANAX Products, do not constitute unfair competition under any federal or state statute, or at common law.

### COUNT IV
### DECLARATION THAT PLAINTIFF HAS NOT COMMITTED FALSE ADVERTISING IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a), OR ANY STATE STATUTE

99. Plaintiff incorporates by reference into Count IV all allegations contained in paragraphs 1 through 83 of this Complaint as though set forth fully herein.

100. An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendants concerning Defendants' rights in the FLANAX mark and Plaintiff's use of the FLANAX mark and its Trade Dress in the United States.

101. Plaintiff's use of the FLANAX mark and its Trade Dress in commercial advertising or promotion do not misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiff's goods.

102. Plaintiff's statements and actions relating to its FLANAX Products in commercial advertising or promotion do not misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiff's goods.

103. Plaintiff seeks a declaratory judgment that its use of the FLANAX mark and Trade Dress, as well as Plaintiff's statements and actions relating to its FLANAX Products, do not constitute false advertising under any federal or state statute.

### COUNT V
### DECLARATION OF NO TRADEMARK INFRINGEMENT

104. Plaintiff incorporates by reference into Count V all allegations contained in paragraphs 1 through 83 of this Complaint as though set forth fully herein.

105. An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendants concerning Defendants' rights in the FLANAX mark and Plaintiff's use of the FLANAX mark in the United States.

106. Defendants do not, and have not, used the FLANAX mark in the United States.

107. Defendants do not own or have any interest in any protectable trademark right for the FLANAX mark in the United States.

108. Because Defendants do not have any protectable trademark right in the FLANAX mark in the United States, Plaintiff's use of the FLANAX mark does not infringe any protectable trademark right of Defendants in the United States.

109. Plaintiff seeks a declaratory judgment that its use of the FLANAX mark does not infringe any protectable trademark rights of Defendants in the United States under any state or federal law, or at common law.

## COUNT VI
## DECLARATION OF NO TRADE DRESS INFRINGEMENT

110. Plaintiff incorporates by reference into Count VI all allegations contained in paragraphs 1 through 83 of this Complaint as though set forth fully herein.

111. An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendants concerning Defendants' rights in the FLANAX mark and Plaintiff's use of the FLANAX mark and Trade Dress in the United States.

112. Defendants do not, and have not, used the product packaging of the Mexican Flanax product in the United States.

113. Defendants do not own or have any interest in any protectable trade dress right in the Mexican Flanax product's packaging in the United States.

114. Because Defendants do not have any protectable trade dress rights in the Mexican Flanax product's packaging in the United States, Plaintiff's use of its Trade Dress does not infringe any protectable trade dress right of Defendants in the United States.

115. Plaintiff seeks a declaratory judgment that its use of its Trade Dress does not infringe any protectable trade dress rights of Defendants in the United States under any state or federal law, or at common law.

## COUNT VII
## LACHES AGAINST DEFENDANTS

116. Plaintiff incorporates by reference into Count VII all allegations contained in paragraphs 1 through 83 of this Complaint as though set forth fully herein.

117. An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendants concerning Defendants' rights in the FLANAX mark and Plaintiff's use of the FLANAX mark and its Trade Dress in the United States.

118. Defendants and/or their predecessors-in-interest could have sought judicial relief relating to Plaintiffs' use of the FLANAX mark and its Trade Dress in the United States at least as early as March 1, 2004.

119. Bayer AG was put on notice of Plaintiffs' use of its Trade Dress and the FLANAX mark in the United States at least as early as May 16, 2005, when the USTPO rejected Bayer AG's trademark application under 15 U.S.C. § 1052(d) in light of Belmora's registered FLANAX mark, Registration No. 2924440.

120. Plaintiff seeks a declaratory judgment that any claim Defendants may have relating to Plaintiff's use of the FLANAX mark and its Trade Dress, as well as Plaintiff's statements and actions relating to its FLANAX Products, in the United States is barred by laches.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Order the Director of the USPTO to dismiss Bayer AG's petition to cancel, Cancellation No. 92047741;

B. Declare that Defendants have no trademark rights in the term FLANAX in the United States;

C. Declare that Defendants have no trade dress rights in the Mexican Flanax product's packaging in the United States;

D. Declare that Belmora's use of the FLANAX mark and its Trade Dress do not constitute trademark infringement, trade dress infringement, false advertising, or unfair competition;

E. Declare that Belmora's statements and actions relating to its FLANAX Products are not false advertising or unfair competition;

F. Permanently enjoin and restrain Defendants, their officers, agents, servants, employees, parents, predecessors, successors, affiliates, subsidiaries, other related business entities and attorneys, and those persons in active concert or participation or otherwise in privity with them, from instituting, prosecuting or threatening any action against Belmora, or any of its officers, affiliates or successors, or anyone in privity with them, including but not limited to Jamie Belcastro, with respect to Belmora's use of the FLANAX mark or its Trade Dress in the United States and any statements or actions of Belmora or Jamie Belcastro relating to Belmora's FLANAX Products in the United States;

G. Declare that any claim Defendants may have relating to Plaintiff's use of the FLANAX mark or its Trade Dress, as well as Plaintiff's statements and actions relating to its FLANAX Products, in the United States is barred by laches;

H. Declare that Belmora owns Trademark Registration No. 2924440, for FLANAX for "orally ingestible tablets of naproxen sodium for use as an analgesic," and that such Registration is valid and enforceable;

I. Declare that Belmora owns valid and enforceable common law trademark rights in the mark FLANAX relating to Belmora's Flanax-branded line of products;

J. Declare that Belmora owns valid and enforceable trade dress rights in its Trade Dress; and

K. Grant Plaintiff such additional and further relief as the Court deems proper and just.

Respectfully submitted,

JENNISON & SHULTZ, P.C.

Dated: July 7, 2014
Arlington, Virginia

John N. Jennison (VSB No. 36,824)
JENNISON & SHULTZ, P.C.
2001 Jefferson Davis Highway, Suite 1102
Arlington, VA 22202-3604
Tel: (703) 415-1640
Fax: (703) 415-0788
Email: John@JennisonLaw.com

Of Counsel:
LEASON ELLIS LLP
Martin B. Schwimmer
Schwimmer@leasonellis.com
Lauren B. Sabol
Sabol@leasonellis.com
81 Main Street, Suite 503
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023

Attorneys for Plaintiff
Belmora LLC

LANDO & ANASTASI, LLP
John L. Welch
jwelch@lalaw.com
One Main Street, 11th Floor
Cambridge, MA 02142
Tel: (617) 395-7000
Fax: (617) 395-7070