IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BELMORA, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-00847-GBL-JFA |
| | ) | |
| BAYER CONSUMER CARE AG and BAYER | ) | **ANSWER TO COMPLAINT AND** |
| HEALTHCARE LLC | ) | **COUNTERCLAIM** |
| | ) | |
| Defendants- | ) | |
| Consolidated Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BELMORA, LLC, JAMIE BELCASTRO, and | ) | |
| DOES 1-10 | ) | |
| | ) | |
| Consolidated Defendants | ) | |
| | ) | |

Defendants/Consolidated Plaintiffs Bayer Consumer Care AG and Bayer HealthCare
LLC (collectively "Bayer"), hereby answer the Complaint as follows:

## NATURE OF THE ACTION

1.      Bayer admits Plaintiff/Consolidated Defendants (collectively "Belmora") brought
this action pursuant to 5 U.S.C. §§ 701 et seq., 15 U.S.C. §§ 1064, 1071(b), and 28 U.S.C. §
2201 *et seq*.  Bayer denies the remaining allegations of Paragraph 1.

## PARTIES

2.      Bayer admits that Belmora LLC is a Virginia limited liability company with its headquarters located at 1805 Crystal Drive, Unit 303, Arlington, Virginia 22202.  Bayer lacks the knowledge or information necessary to form a belief as to the truth of the remaining allegations of Paragraph 2 and, therefore, denies them.

3.      Bayer admits that Bayer Consumer Care AG is a Swiss corporation with its principal place of business at Peter Merian-Str. 84, Basel, Switzerland 4052.  For clarification, Bayer denies that Bayer AG – the shorthand Belmora uses for Bayer Consumer Care AG – and Bayer Consumer Care AG are the same entity.  Bayer refers to Bayer Consumer Care AG as such throughout its answer.

4.      Bayer admits the allegations of Paragraph 4.

5.      Bayer denies the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6.      Bayer admits that Belmora brought this action under 5 U.S.C. § 701 et seq. (review of final agency action), 28 U.S.C. §1331 (federal question) and 28 U.S.C. §2201 et seq.(declaratory judgment).  Bayer also admits that this Court has subject matter jurisdiction over this consolidated action.  Bayer denies the remaining allegations of Paragraph 6.

7.      Bayer admits the allegations of Paragraph 7.

8.      Bayer admits the allegations of Paragraph 8.

## PLAINTIFF BELMORA AND ITS USE OF THE FLANAX MARK

9.      Bayer lacks the knowledge or information necessary to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, denies them.

10.     Bayer admits that Belmora sells over-the-counter pain relief products under the brand name FLANAX in the United States.  Bayer lacks the knowledge or information necessary to form a belief as to the truth of the remaining allegations of Paragraph 10 and, therefore, denies them.

11.     Bayer lacks the knowledge or information necessary to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies them.

12.     Bayer admits that Belmora offers multiple products under the FLANAX name. Bayer lacks the knowledge or information necessary to form a belief as to the truth of the remaining allegations of Paragraph 12 and, therefore, denies them.

13.     Bayer admits that the United States Patent and Trademark Office's Trademark Status and Document Retrieval (TSDR) system lists Belmora as applicant for the word mark FLANAX, App. Ser. No. 78/310,029, for "orally ingestible tablets of Naproxen Sodium for use as an analgesic" on October 6, 2003.  Bayer lacks the knowledge or information necessary to form a belief as to the truth of the remaining allegations of Paragraph 13 and, therefore, denies them.

14.     Bayer admits that the USPTO's TSDR system indicates that the USPTO published App. Ser. No. 78/310,029 for FLANAX for opposition on August 3, 2004.

15.     Bayer admits that the USPTO's TSDR system indicates that the USPTO registered the mark FLANAX on February 1, 2005 as Reg. No. 2,924,440.  Bayer admits that Exhibit A to the Complaint purports to be a copy of the trademark registration for FLANAX. Bayer lacks the knowledge or information necessary to form a belief as to the truth of the remaining allegations of Paragraph 15 and, therefore, denies them.

16.    Bayer admits that the USPTO's Trademark Trial and Appeal Board Inquiry system indicates that no oppositions were filed related to the FLANAX trademark application. Bayer lacks the knowledge or information necessary to form a belief as to the truth of the remaining allegations of Paragraph 16 and, therefore, denies them.

17.    Bayer denies the allegations of Paragraph 17.

18.    Bayer denies the allegations of Paragraph 18.

**PLAINTIFF BELMORA AND ITS USE OF ITS TRADE DRESS**

19.    Bayer lacks the knowledge or information necessary to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, denies them.

20.    Bayer lacks the knowledge or information necessary to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, denies them.

21.    Bayer lacks the knowledge or information necessary to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, denies them.

22.    To the extent a response is required, Bayer lacks the knowledge or information necessary to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, denies them.

23.    Bayer denies the allegations of Paragraph 23.

**DEFENDANTS AND THEIR USE OF THE FLANAX MARK**

A. To the extent required, Bayer denies the allegations in Paragraph A.

24.    Bayer admits that Bayer HealthCare LLC markets and sells an analgesic tablet under the name ALEVE in the United States.  Bayer avers that it also sells analgesic caplets, gelcaps, and liquid gels under the name ALEVE in the United States.

25.     Bayer admits that Bayer HealthCare LLC does not market or sell any product under the FLANAX name in any country.

26.     Bayer admits that Bayer HealthCare LLC does not own any trademark rights for the mark FLANAX in any country.

27.     Bayer admits that Bayer Consumer Care AG owns a Mexican trademark registration for the mark FLANAX for "pharmaceutical products, analgesics and anti-inflammatories," Reg. No. 224,435.

28.     Bayer admits that the FLANAX mark was assigned to Bayer Consumer Care AG in 2005.  Bayer lacks the knowledge or information necessary to form a belief as to the truth of the remaining allegations of Paragraph 28 and, therefore, denies them.

29.     Bayer admits that Bayer Consumer Care AG sells a naproxen sodium product in Mexico under the FLANAX mark.  Bayer denies the remaining allegations of Paragraph 29.

30.     Bayer admits that Bayer Consumer Care AG does not own, or have any interest in, any federal or state trademark registration for the mark FLANAX in the United States.

31.     Bayer admits that none of Bayer Consumer Care AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer HealthCare LLC, own, or have any interest in, any federal or state trademark registration for the mark FLANAX in the United States.

32.     Bayer admits that the USPTO's TSDR system indicates that Bayer Consumer Care AG's predecessor-in-interest, HLR Consumer Care, Inc., filed an application to register the mark FLANAX for "analgesic preparation," App. Ser. No. 78/375,157.

33.     Bayer admits that the USPTO's TSDR system indicates that the USPTO issued an Office Action refusal of HLR Consumer Care, Inc.'s FLANAX Application on May 16, 2005.

Further answering, Bayer submits that the May 16, 2005 Office Action is the best evidence of its contents.  Bayer denies the remaining allegations of Paragraph 33.

34.     Bayer admits that Bayer Consumer Care AG did not respond to the May 16, 2005 Office Action.

35.     Bayer admits that the USPTO's TSDR system indicates that USPTO issued a Notice of Abandonment of App. Ser. No. 78/375,157 for FLANAX on December 16, 2005.

36.     Bayer admits that its predecessor-in-interest received notice of Belmora's registration of the FLANAX mark on May 16, 2005.  Bayer denies the remaining allegations of Paragraph 36.

B.   To the extent required, Bayer denies the allegations in Paragraph B.

37.     Bayer admits that Bayer Consumer Care AG has never sold a product with or used the FLANAX product's packaging in the United States.

38.     Bayer admits that none of Bayer Consumer Care AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer HealthCare LLC, have ever sold a product with or used the FLANAX product's packaging in the United States.

39.     Bayer admits that Bayer Consumer Care AG has not registered the FLANAX product's packaging as a trademark in the United States.

40.     Bayer admits that none of Bayer Consumer Care AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer HealthCare LLC, have registered the FLANAX product's packaging as a trademark in the United States.

41.     Bayer denies the allegations of Paragraph 41.

42.     Bayer denies the allegations of Paragraph 42.

C.  To the extent required, Bayer denies the allegations in Paragraph C.

43.     Bayer denies the allegations of Paragraph 43.

44.     Bayer denies the allegations of Paragraph 44.

45.     Bayer admits that Bayer Consumer Care AG has never marketed or sold the FLANAX product in the United States.

46.     Bayer admits that none of Bayer Consumer Care AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer HealthCare LLC, have ever marketed or sold the FLANAX product in the United States.

47.     Bayer admits that Bayer Consumer Care AG has never marketed or sold any product under the FLANAX mark in the United States.

48.     Bayer admits that none of Bayer Consumer Care AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer HealthCare LLC, have ever marketed or sold any product under the FLANAX mark in the United States.

49.     Bayer denies the allegations of Paragraph 49.

50.     Bayer denies the allegations of Paragraph 50.

51.     Bayer denies the allegations of Paragraph 51.

52.     Bayer denies the allegations of Paragraph 52.

53.     Bayer admits that Bayer Consumer Care AG has not received approval from the FDA through a New Drug Application to market or sell the FLANAX product in the United States.

54.     Bayer admits that none of Bayer Consumer Care AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer HealthCare LLC, have received approval from the FDA through a New Drug Application to market or sell the FLANAX product in the United States.

55.     Bayer denies the allegations of Paragraph 55.

56.     Bayer admits that Bayer Consumer Care AG has never tried to market or sell the FLANAX product in the United States under any FDA over-the-counter drug monograph and/or New Drug Application.

57.     Bayer admits that none of Bayer Consumer Care AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer HealthCare LLC, tried to market or sell the FLANAX product in the United States under any FDA over-the-counter drug monograph and/or New Drug Application.

58.     Bayer admits that Bayer Consumer Care AG has not received approval through a New Drug Application for any drug under the name FLANAX in the United States.

59.     Bayer admits that none of Bayer Consumer Care AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to Bayer HealthCare LLC, have received approval through a New Drug Application for any drug under the name FLANAX in the United States.

60.     Bayer admits that Bayer Consumer Care AG has never attempted to market or sell any drug under the FLANAX name under any FDA over-the-counter drug monograph and/or New Drug Application.

61.     Bayer admits that none of Bayer Consumer Care AG's parents, predecessors, successors, affiliates, subsidiaries or other related business entities, including but not limited to

Bayer HealthCare LLC, have ever attempted to market or sell any drug under the FLANAX

name under any FDA over-the-counter drug monograph and/or New Drug Application.

62.     Bayer denies the allegations of Paragraph 62.

## DEFENDANT BAYER AG'S PETITION TO CANCEL PLAINTIFF BELMORA'S REGISTRATION FOR THE FLANAX MARK

63.     Bayer admits that on June 29, 2007, Bayer Consumer Care AG filed a petition to

cancel Registration No. 2,924,440 for the FLANAX mark, which was assigned Cancellation No.

92047741.  Bayer admits that Exhibit B to the Complaint is a copy of the petition to cancel.

64.     Bayer admits that on August 28, 2007, Belmora filed a motion to dismiss the

cancellation petition.  Bayer submits that the records in the Trademark Trial and Appeal Board

("TTAB") speak for themselves.  Bayer denies the remaining allegations of Paragraph 64.

65.     Bayer admits that Bayer Consumer Care AG filed an amended cancellation

petition, Cancellation No. 92044741, Dkt. 8.

66.     Bayer admits that on October 26, 2007, Belmora again filed a motion to dismiss

Bayer Consumer Care AG's amended petition.  Bayer submits that the records in the TTAB

speak for themselves.  Bayer denies the remaining allegations of Paragraph 66.

67.     Bayer admits that in an Order dated July 29, 2008, the TTAB granted Belmora's

motion to dismiss but allowed Bayer Consumer Care AG to replead.  Bayer admits that Exhibit

C to the Complaint purports to be a copy of the TTAB's July 29, 2008 Order.

68.     Bayer admits that Bayer Consumer Care AG filed a second amended cancellation

proceeding on August 28, 2008.

69.     Bayer admits that Belmora moved to dismiss the second amended petition for

failure to state a claim.

70.     Bayer admits that on April 6, 2009, the TTAB granted in part and denied in part Belmora's motion to dismiss.  Bayer submits that the records in the TTAB speak for themselves. Bayer admits that Exhibit D to the Complaint purports to be a copy of the TTAB's April 6, 2009 decision.

71.     Bayer admits that on September 14, 2009, Belmora filed a motion for summary judgment alleging that Bayer Consumer Care AG lacked standing to obtain relief under Section 14(3) of the Lanham Act and alleging that Belmora did not misrepresent the source of its FLANAX products.

72.     Bayer admits that on February 2, 2010, the TTAB denied Belmora's motion for summary judgment with respect to Belmora's allegations regarding Bayer Consumer Care AG's standing because Belmora did "not demonstrate[] the absence of any genuine issues of material fact," deferred ruling on Belmora's motion for summary judgment with respect to Bayer Consumer Care AG's misrepresentation of source claim, and granted Bayer Consumer Care AG additional discovery.

73.     Bayer admits that on January 10, 2011, after the parties completed discovery, the TTAB denied Belmora's motion for summary judgment with respect to the misrepresentation of source claim because "there [were] genuine issues of material fact remaining for trial."

74.     Bayer admits that on April 17, 2014, the TTAB granted Bayer Consumer Care AG's petition to cancel Belmora's Registration No. 2,924,440 for the FLANAX mark under Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3).  Bayer admits that Exhibit E purports to be a copy of the TTAB's April 17, 2014 decision.

75.     Bayer admits that Trademark Trial and Appeal Board Inquiry system indicates that, on June 3, 2014, Belmora filed its Notice of Appeal to the Federal Circuit with the TTAB.

76.     Bayer admits that on June 13, 2014, Bayer Consumer Care AG filed its Notice of Election to Have Review by Civil Action with the TTAB, pursuant to 15 U.S.C. § 1071.

### DEFENDANTS' PARALLEL DISTRICT COURT ACTIONS

77.     Bayer admits that on June 6, 2014, Bayer Consumer Care AG and Bayer HealthCare LLC filed suit against Belmora LLC, Jamie Belcastro, and Does 1-10 in the Southern District of California for (1) unfair competition in violation of Section 43(a) of the Lanham Act; (2) false advertising in violation of Section 43(a) of the Lanham Act; 3) unfair competition in violation of California Business & Professions Code § 17200, et seq.; (4) false advertising in violation of California Business & Professions Code § 17500, et seq.; and (5) unfair competition in violation of California common law (the "S.D. Cal. Action").  Bayer admits that Exhibit F is a copy of the Complaint in the S.D. Cal. Action.

78.     Bayer admits that the next business day and prior to serving any defendant, Bayer Consumer Care AG and Bayer HealthCare LLC filed a Notice of Voluntary Dismissal without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A) in the S.D. Cal. Action, stating that they "voluntarily dismiss[] the above-captioned action, without prejudice as to all defendants, and without further notice" because the "case was filed in the wrong district."

79.     Bayer admits that on June 9, 2014, the same day as the dismissal of the S.D. Cal. Action, Bayer Consumer Care AG and Bayer HealthCare LLC refiled their complaint in the Central District of California (the "C.D. Cal. Action.")  Bayer admits that Exhibit G is a copy of the Complaint in the C.D. Cal. Action.

80.     Bayer admits that the C.D. Cal. Action Complaint alleges the same causes of action as the S.D. Cal. Action Complaint.

81.     Bayer admits that on June 12, 2014, the United States District Court for the Central District of California issued an Order to Show Cause in the C.D. Cal. Action ordering "the parties to show cause, in writing not to exceed 15 pages, why this action should not be transferred to the United States District Court for the District of New Jersey, or, in the alternative, to the United States District Court for the Eastern District of Virginia, for the convenience of the parties and witnesses, and in the interest of justice."

82.     Bayer admits that Bayer Consumer Care AG and Bayer HealthCare LLC served Belmora LLC and Jamie Belcastro with the C.D. Cal. Action on June 13, 2014.

83.     Bayer admits that Belmora LLC and Jamie Belcastro filed a response to the Order to Show Cause issued by the Central District of California.

**COUNT I**
**REQUEST FOR JUDICIAL REVIEW OF TTAB DECISION**
**AGAINST BAYER AG – STANDING**

84.     Bayer incorporates by reference its responses to Paragraphs 1 through 83 as though set forth fully herein.

85.     Bayer admits that the TTAB has issued a Final Decision cancelling Belmora's FLANAX registration and that Belmora has requested *de novo* judicial review of the final decision under the Administrative Procedures Act and the Lanham Act.

86.     Bayer denies the allegations of Paragraph 86.

87.     Bayer admits that Bayer Consumer Care AG does not sell any products under the FLANAX mark in the United States.  Further answering, Bayer Consumer Care AG's FLANAX mark is well-known to a substantial population of United States consumers.  Bayer denies the remaining allegations of Paragraph 87.

88.     Bayer denies the allegations of Paragraph 88.

89.     Bayer denies the allegations of Paragraph 89.

**COUNT II**
**REQUEST FOR JUDICIAL REVIEW OF TTAB DECISION AGAINST BAYER AG –**
**MISREPRESENTATION OF SOURCE, LANHAM ACT SECTION 14(3)**

90.     Bayer incorporates by reference its responses to Paragraphs 1 through 83 as though set forth fully herein.

91.     Bayer admits that the TTAB has issued a Final Decision cancelling Belmora's FLANAX registration and that Belmora has requested *de novo* judicial review of the final decision under the Administrative Procedures Act and the Lanham Act.

92.     Bayer denies the allegations of Paragraph 92.

93.     Bayer denies the allegations of Paragraph 93.

**COUNT III**
**DECLARATION THAT PLAINTIFF HAS NOT COMMITTED UNFAIR**
**COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15**
**U.S.C. § 1125(a), ANY STATE STATUTE, OR ANY COMMON LAW**

94.     Bayer incorporates by reference its responses to Paragraphs 1 through 83 as though set forth fully herein.

95.     Bayer admits that an actual and justiciable controversy has arisen and now exists between Belmora LLC and Bayer concerning Bayer's rights in the FLANAX mark and Belmora LLC's use of the FLANAX mark and the packaging used by Belmora in the United States.

96.     Bayer denies the allegations of Paragraph 96.

97.     Bayer denies the allegations of Paragraph 97.

98.     Bayer admits that Belmora LLC seeks a declaratory judgment that Belmora LLC's use of the FLANAX mark and packaging used by Belmora LLC, as well as Belmora LLC's statements and actions relating to Belmora LLC's FLANAX Products, do not constitute

unfair competition under and federal or state statute, or at common law.  Bayer denies the remaining allegations of Paragraph 98.

## COUNT IV
## DECLARATION THAT PLAINTIFF HAS NOT COMMITTED FALSE ADVERTISING IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a), OR ANY STATE STATUTE

99.     Bayer incorporates by reference its responses to Paragraphs 1 through 83 as though set forth fully herein.

100.    Bayer admits that an actual and justiciable controversy has arisen and now exists between Belmora LLC and Bayer concerning Bayer's rights in the FLANAX mark and Belmora LLC's use of the FLANAX mark and the packaging used by Belmora in the United States.

101.    Bayer denies the allegations of Paragraph 101.

102.    Bayer denies the allegations of Paragraph 102.

103.    Bayer admits that Belmora LLC seeks a declaratory judgment that Belmora LLC's use of the FLANAX mark and packaging used by Belmora LLC, as well as Belmora LLC's statements and actions relating to Belmora LLC's FLANAX Products, do not constitute false advertising under any federal or state statute.  Bayer denies the remaining allegations of Paragraph 103.

## COUNT V
## DECLARATION OF NO TRADEMARK INFRINGEMENT

104.    Bayer incorporates by reference its responses to Paragraphs 1 through 83 as though set forth fully herein.

105.    Bayer admits that an actual and justiciable controversy has arisen and now exists between Belmora LLC and Bayer concerning Bayer's rights in the FLANAX mark and Belmora LLC's use of the FLANAX mark and the packaging used by Belmora in the United States.

106.    Bayer admits that Bayer Consumer Care AG and Bayer HealthCare LLC do not sell any products under the FLANAX mark in the United States.  Further answering, Bayer Consumer Care AG's FLANAX mark is well-known to a substantial population of United States consumers.  Bayer denies the remaining allegations of Paragraph 106.

107.    Bayer denies the allegations of Paragraph 107.

108.    Bayer denies the allegations of Paragraph 108.

109.    Bayer admits that Belmora LLC seeks a declaratory judgment that Belmora LLC's use of the FLANAX mark does not infringe any protectable trademark rights of Bayer in the Unites States under any state or federal law, or at common law.  Bayer denies the remaining allegations of Paragraph 109.

**COUNT VI**
**DECLARATION OF NO TRADE DRESS INFRINGEMENT**

110.    Bayer incorporates by reference its responses to Paragraphs 1 through 83 as though set forth fully herein.

111.    Bayer admits that an actual and justiciable controversy has arisen and now exists between Belmora LLC and Bayer concerning Bayer's rights in the FLANAX mark and Belmora LLC's use of the FLANAX mark and the packaging used by Belmora in the United States.

112.    Bayer admits that Bayer Consumer Care AG and Bayer HealthCare LLC do not sell any products in the FLANAX packaging in the United States.  Further answering, Bayer Consumer Care AG's FLANAX mark and packaging are well-known to a substantial population of United States consumers.  Bayer denies the remaining allegations of Paragraph 112.

113.    Bayer denies the allegations of Paragraph 113.

114.    Bayer denies the allegations of Paragraph 114.

115.    Bayer admits that Belmora LLC seeks a declaratory judgment that Belmora LLC's use of its FLANAX packaging does not infringe any protectable trade dress rights of Bayer in the United State under any state or federal law, or at common law.  Bayer denies the remaining allegations of Paragraph 115.

## COUNT VII
## LACHES AGAINST DEFENDANTS

116.    Bayer incorporates by reference its responses to Paragraphs 1 through 83 as though set forth fully herein.

117.    Bayer admits that an actual and justiciable controversy has arisen and now exists between Belmora LLC and Bayer concerning Bayer's rights in the FLANAX mark and Belmora LLC's use of the FLANAX mark and the packaging used by Belmora in the United States.

118.    Bayer denies the allegations of Paragraph 118.

119.    Bayer admits that its predecessor-in-interest received notice of Belmora's registration of the FLANAX mark on May 16, 2005.  Bayer denies the remaining allegations of Paragraph 119.

120.    Bayer admits that Belmora LLC seeks a declaratory judgment that any claim Bayer may have relating to Belmora LLC's use of the Flanax mark and the packaging used by Belmora LLC, as well as Belmora LLC's statement and actions relating to its FLANAX products, in the United States is barred by laches.

16

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Belmora's Causes of Action are barred, in whole or in part, under the doctrine of unclean hands because Belmora willfully infringed Bayer's FLANAX trade dress and trademark and misrepresented the source of Belmora's FLANAX products with a bad faith intent to trade off of Bayer Consumer Care AG's goodwill and to confuse consumers.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Belmora's Causes of Action are barred, in whole or in part, for failure to state a claim.

## THIRD AFFIRMATIVE DEFENSE

### (Inevitable Confusion)

Belmora's Count VII for Laches is barred, in whole or in part, by the doctrine of inevitable confusion.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Tolling)

Belmora's Count VII for Laches is barred, in whole or in part, by the doctrine of equitable tolling because Bayer Consumer Care AG's filing of a petition for cancellation put Belmora on notice of Bayer Consumer Care AG's objection, thereby tolling the relevant statute of limitations period.

## COUNTERCLAIM

There is a pending litigation between the parties, *Bayer Consumer Care AG et al. v. Belmora LLC et al.*, 1:14-cv-00884-GBL-JFA, that has been consolidated with this case. Bayer continues to pursue the claims in that litigation separately. In light of Belmora's appeal, Bayer Consumer Care AG cross-appeals the Trademark Trial and Appeal Board decision as follows:

### PARTIES

1.      Defendant/Counterclaim Plaintiff Bayer Consumer Care AG is a Swiss corporation with its principal place of business at Peter Merian-Str. 84, Basel, Switzerland 4052.

2.      Plaintiff/Counterclaim Defendant Belmora, LLC, is a Virginia limited liability company located and doing business at 1805 Crystal Drive, Unit 303, Arlington, Virginia 22202 ("Belmora").

### JURISDICTION AND VENUE

3.      This Court has jurisdiction under 5 U.S.C. § 701 et seq, and 15 U.S.C. 1071(b).

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Belmora resides in this judicial district.

### FACTS

#### Bayer Consumer Care AG and its well-known FLANAX Brand

5.      Since the 1970s, Bayer Consumer Care and its predecessors and licensees (collectively, "Bayer Consumer Care") have marketed and sold analgesics, which are pain relief medicines, in Mexico under the registered trademark FLANAX. The active ingredient in Bayer Consumer Care's FLANAX medicine is naproxen sodium.

6.      Bayer Consumer Care's FLANAX mark has been known in the U.S. pharmaceutical community since at least 1996.

7.      Bayer Consumer Care has sold hundreds of millions of dollars of its FLANAX medicines in Mexico.   This includes substantial sales in major cities near the U.S.-Mexico border.

8.      Bayer Consumer Care has spent millions of dollars promoting and advertising the FLANAX brand in Mexico, including in major cities near the U.S.-Mexico border.

9.      As a result of Bayer Consumer Care's extensive sales and marketing, the FLANAX brand is extremely well known in Mexico and to Mexican-American consumers in the United States.

10.     On information and belief, Belmora had knowledge of Bayer's aforesaid use of the FLANAX mark for analgesics, including orally ingestible tablets of naproxen sodium, in the United States and the aforementioned countries, prior to its use and registration of the mark FLANAX in the United States.

11.     On information and belief, Belmora selected the FLANAX name for its analgesic product because Belmora knew that Bayer's FLANAX product was well known among Mexican-Americans in the United States.

Belmora and its Unauthorized Use of the FLANAX Mark

12.     In 2003, Belmora applied to the United States Patent and Trademark Office to register the trademark FLANAX on an intent-to-use basis in 2003 for "Orally ingestible tablets of Naproxen Sodium for use as an analgesic."   Application Serial No. 78/310,029.   The trademark was registered in February 2005 and claimed a date of first use in United States commerce of March 1, 2004.

13.    On information and belief, Belmora has since expanded its line of FLANAX products to include liniment, cough lozenges, and antacids, all sold under the FLANAX trademark.

14.    On information and belief, Belmora began selling its FLANAX medicine in geographic areas with high Mexican-American populations, including California.

15.    Belmora's FLANAX medicine has appeared on the shelves in the same store as gray market packages of Bayer's well-known FLANAX medicine in Orange County, California, and possibly elsewhere.

<u>Belmora's Deceptive Marketing of Its FLANAX Products</u>

16.    Belmora has marketed its FLANAX products by targeting Hispanic consumers likely to be familiar with Bayer Consumer Care's FLANAX products and deliberately attempting to deceive those consumers into believing that Belmora's FLANAX products are the same thing as the FLANAX medicines they know and trust from Mexico.

17.    Upon information and belief, Belmora has never sold or produced its products in Mexico, Central America, or South America.

18.    Nevertheless, one early Belmora marketing piece, translated from Spanish, stated: "Flanax products are made with safe and effective ingredients that have been used for many, many years in Mexico, Central, and South America.  And now Belmora LLC is producing them in the United States."  Exhibit A, attached hereto.

19.    Another marketing piece, developed in 2007 when Belmora had been selling its FLANAX analgesics for *only three years*, proclaimed:

> *For generations*, Flanax has been a brand that Latinos have turned to for various common ailments.  Now you too can profit from this highly recognized [sic] top-selling brand among Latinos.  Flanax is now made in the U.S. . . . . Flanax acts as a powerful attraction for Latinos by providing them with products they know,

20

> trust and prefer. . . . With the Flanax family of brands on your shelf, Latinos will
> know where to go to find the brand they trust.  Flanax products are packaged with
> bilingual text and the prominent Flanax logo your customers recognize.

Exhibit B, attached hereto (emphasis added).  Belmora sent this brochure to thousands of distributors and potential distributors throughout the United States, including, on information and belief, to distributors and potential distributors in California.

20.     Additionally, Belmora hired telemarketers to call potential distributors and read a script which suggested that Belmora's FLANAX products were the same as the FLANAX products sold in Mexico by Bayer Consumer Care.

21.     Belmora has made similarly misleading claims directly to distributors and potential distributors of Belmora's FLANAX products.

22.     Belmora initially targeted their marketing towards retailers in predominantly Hispanic communities.  As Belmora's sales expanded into major chain retailers such as Wal-Mart, Walgreens, and Circle K, Belmora remained focused on targeting Hispanic consumers likely to be familiar with Bayer Consumer Care's well-known FLANAX analgesics.

23.     Belmora's misleading claims cause, have caused, and are likely to cause consumers to believe that Belmora's FLANAX products are or are related to Bayer Consumer Care's FLANAX analgesics that are well-known in Mexico and to Mexican-American consumers.

## COUNT I
### REQUEST FOR JUDICIAL REVIEW OF TTAB DECISION HOLDING THAT BAYER DOES NOT HAVE A RIGHT OF ACTION UNDER ARTICLE *6bis* OF THE PARIS CONVENTION FOR THE PROTECTION OF INDUSTRIAL PROPERTY, AS MADE APPLICABLE BY SECTIONS 44(b) and (h) OF THE LANHAM ACT, 15 U.S.C. § 1126(b) AND (h)

24.     Bayer Consumer Care re-alleges paragraphs 1 through 23, as if fully alleged herein.

25.     The TTAB issued a Final Decision dismissing Bayer Consumer Care's claim under Article 6*bis* of the Paris Convention.  Bayer Consumer Care now respectfully requests a *de novo* review of the TTAB's decision under the Lanham Act and the Administrative Procedures Act.

26.     Bayer Consumer Care's FLANAX mark is well known in the United States.

27.     Belmora's aforesaid use of FLANAX is likely to create confusion with Bayer Consumer Care's well-known FLANAX mark in the United States in violation of Section 6*bis* of the Paris Convention for the Protection of Industrial Property, which is made applicable in the United States by Sections 44(b) and (h) of the Lanham Act 15 U.S.C. § 1126(b) and (h).

28.     The TTAB incorrectly held that Bayer Consumer Care did not have a right of action under Article 6*bis* of the Paris Convention.

29.     The TTAB's decision of April 6, 2009 should be reversed and vacated, and an order should be entered allowing Bayer Consumer Care to proceed with its well-known marks claim under Article 6*bis* of the Paris Convention.

## **RELIEF REQUESTED**

WHEREFORE, Bayer Consumer Care respectfully requests, in addition to the relief requested in the consolidated case, that, if the Court overturns the TTAB's decision cancelling Belmora's FLANAX mark under Section 14(3), the Court:

Cancel Registration No. 2,924,440 of FLANAX under Article 6*bis* of the Paris Convention.

Respectfully submitted,


Dated:  August 7, 2014          By:          /s/ Robert J. Shaughnessy
                                        Robert J. Shaughnessy
                                          Virginia Bar No. 29314
                                        Eric C. Wiener
                                          Virginia Bar No. 79206
                                        WILLIAMS & CONNOLLY LLP
                                        725 12th Street, N.W.
                                        Washington, D.C.  20005
                                        Telephone:  (202) 434-5000
                                        Facsimile:  (202) 434-5029
                                        bshaughnessy@wc.com
                                        ewienr@wc.com

                                        Phillip Barengolts (*pro hac vice*)
                                        Bradley L. Cohn (*pro hac vice*)
                                        Elisabeth O'Neill (*pro hac vice*)
                                        Andrew R.W. Hughes (*pro hac vice*)
                                        PATTISHALL, McAULIFFE, NEWBURY,
                                          HILLIARD & GERALDSON LLP
                                        200 South Wacker Drive
                                        Suite 2900
                                        Chicago, Illinois 60606
                                        Telephone: (312) 554-8000
                                        Facsimile: (312) 554-8015
                                        pb@pattishall.com
                                        blc@pattishall.com
                                        eo@pattishall.com
                                        arh@pattishall.com

                                        *Attorneys for Bayer Consumer Care AG*
                                          *and Bayer HealthCare LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2014, I will electronically file the foregoing Answer to Complaint and Counterclaim with the Clerk of Court using the CM/ECF systems, which will then send a notification of such filing (NEF) to the following:

John Nolan Jennison
Law Offices of Jennison & Schultz, P.C.
2001 Jefferson Davis Highway
Suite 1102
Arlington, Virginia  22202
john@jennisonlaw.com

Martin Schwimmer
Lauren Sabol
Leason Ellis
1 Barker Avenue
Fifth Floor
White Plains, New York  10601
schwimmer@leasonellis.com
sabol@leasonellis.com

John Welch
Lando & Anastasi, LLP
Riverfront Office Park
1 Main Street
Cambridge, Massachusetts  02142
jwelch@lalaw.com


      /s/ Robert J. Shaughnessy
Robert J. Shaughnessy
Virginia Bar Number 29314
Attorney for Bayer Consumer Care AG and Bayer
    HealthCare LLC
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C.  20005
Phone:  (202) 434-5000
Fax:  (202) 434-5029
bshaughnessy@wc.com