**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| BELMORA LLC,<br><br>       *Plaintiff*,<br>   v.<br><br>BAYER CONSUMER CARE AG and BAYER HEALTHCARE LLC,<br><br>       *Defendants-Consolidated Plaintiffs*,<br><br>   v.<br><br>BELMORA, LLC, JAMIE BELCASTRO, and DOES 1-10, inclusive,<br><br>       *Consolidated Defendants*. | Consolidated Civil Action No. 1:14-cv-847<br>ECF Case |

**BELMORA'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO COMPEL**

Pursuant to Federal Rule of Civil Procedure 37, Local Civil Rule 37, and this Court's Rule 16(B) Scheduling Order (Dkt. 41, ¶ 10(d)), Belmora LLC and Jamie Belcastro (collectively, "Belmora") respectfully move for an order compelling Bayer Consumer Care AG ("Bayer CC AG") and Bayer Healthcare LLC ("Bayer Healthcare") to produce materials responsive to Belmora's First Set of Requests for Production ("Requests") sufficiently in advance of Belmora's noticed depositions and the close of discovery.

Bayer CC AG and Bayer Healthcare (collectively, "Bayer"), through its counsel, advised Belmora's counsel that they require 3 months to fully comply with the Requests, *i.e.* December 30, 2014, which falls approximately 40 days after the Final Pretrial Conference and 45 days after the close of discovery.

1

Belmora acknowledges that under Local Civil Rule 37(A), motions to compel may be filed "[a]fter a discovery request is object to, or not complied with, within time," and thus this Motion to Compel is premature because the deadline for Bayer to respond to Belmora's discovery requests has not yet passed.  However, given the representations from Bayer's counsel that it will not be able to fully comply with Belmora's discovery requests under the current schedule, Belmora is filing this Motion to ensure compliance and that it will not be prejudiced.[1] Learning on November 3, 2014 that Bayer CC AG and Bayer Healthcare are not complying with Belmora's discovery requests will be too late for Belmora to have any meaningful recourse.[2] There are no disputes between the parties regarding the timeliness of Belmora's Requests for Production, or any specific requests that Bayer CC AG or Bayer Healthcare are refusing to produce documents to.[3]

A timeline of dates relevant to this motion to compel is as follows:

- **July 31, 2014:** Counsel for Belmora, Bayer CC AG and Bayer Healthcare conferred and agreed upon dates for their Joint Proposed Discovery Plan.

- **August 6, 2014:** The parties filed their Joint Proposed Discovery Plan with the Court (Dkt. 24).

---

[1] Bayer has similarly pressed Belmora for full compliance in its document production.  Not including the documents produced during the TTAB proceedings, Belmora has produced over 8,000 pages of documents to Bayer.  Demanding more documents, Bayer has noticed Belmora for an inspection of its computer.

[2] Under Civil Local Rule 37(C), if a Court grants a motion to compel, the production must be completed within 11 days.  In order to secure production of documents prior to the 30(b)(6) documents of Bayer CC AG and Bayer Healthcare's representatives, and the close of discovery, Belmora was required to file this motion today in order to secure a hearing on October 24, 2014.  Had Belmora waited one more week, the earliest it could receive production of documents pursuant to an order would be 2 days before the close of discovery.  This would be too late for Belmora to take any meaningful discovery depositions on these documents.

[3] To the best of Belmora's knowledge, Bayer CC AG and Bayer Healthcare's objections were resolved during the parties meet and confer on October 16, 2014.

- **August 13, 2014:** After the Initial Pretrial Conference, Magistrate Judge Anderson issued an order approving the parties' Joint Proposed Discovery Plan in part.[4] (Dkts. 40-41)

- **September 30, 2014:** Belmora timely served its First Set of Requests for Production to Bayer Consumer Care AG (Ex. A) and First Set of Requests for Production to Bayer Healthcare LLC (Ex. B).

- **October 15, 2014:** Last day for the parties to serve discovery requests. (Dkts. 24, 40-41)

- **November 3, 2014:** In accordance with the Federal Rules, Bayer CC AG and Bayer Healthcare are required to produce all responsive documents to Belmora's First Set of Requests for Production no later than November 3, 2014.[5]

- **November 5, 2014:** 30(b)(6) deposition notice date for Bayer CC AG (noticed by Belmora)

- **November 6, 2014:** 30(b)(6) deposition notice date for Bayer Healthcare (noticed by Belmora)

- **November 10, 2014:** Notice date for Bayer CC AG and Bayer Healthcare's Request for Inspection of Belmora's computer (noticed by Bayer CC AG and Bayer Healthcare)

- **November 11, 2014:** Midway Importing, Inc. deposition subpoena notice date (noticed by Bayer CC AG and Bayer Healthcare)

---

[4] The only part of the parties' Joint Proposed Discovery Plan that the Court did not adopt in full related to a request by Bayer CC AG and Bayer Healthcare to exceed 5 non-party depositions.

[5] October 30, 2014 is 30 days from service of Belmora's Requests. Because Belmora served its requests via email, Bayer CC AG and Bayer Healthcare are entitled to the three days provided for electronic service in Fed. R. Civ. P. 5(b)(2)(E) and 6(d).

- **November 13, 2014:** 30(b)(6) deposition notice date for Belmora and deposition of Jamie Belcastro (noticed by Bayer CC AG and Bayer Healthcare)
- **November 14, 2014:** Close of discovery. (Dkt. 41, ¶ 1.)
- **November 20, 2014:** Final Pretrial Conference. (Dkt. 14) Parties must electronically file on or before this date their Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be called at trial, and a written stipulation of uncontested facts.

On October 15, 2014, counsel for Bayer contacted counsel for Belmora, indicating that they were putting forth a good faith effort to collect documents responsive to Belmora's requests, but that document collection and production by Bayer usually takes 3 months. Counsel for the parties again met and conferred regarding Bayer's document production on October 16, 2014. Bayer's counsel stated that it was collecting documents and would provide Belmora with some documents by October 30, 2014, but that they would not complete their document productions at that time. Instead confirming that Bayer will provide Belmora with all of its requested discovery, Bayer's counsel asked that Belmora prioritize its document requests and accept a subset of discovery.[6] Belmora requested that counsel for Bayer talk to its clients and explain Belmora's need for all documents by November 3, 2014. Belmora asked for a confirmation by October 17, 2014 that Bayer would comply and produce all documents by November 3, 2014. Belmora has not yet received a response from Bayer.

During the Initial Pretrial Conference, counsel for both parties were advised that the Court would not be willing to move the Final Pretrial Conference, currently scheduled for November 20, 2014. Bayer CC AG and Bayer Healthcare were aware of, and agreed to, the schedule for

---

[6] As a practical matter, such a request would be difficult for Belmora because it cannot determine what requests are most relevant without first seeing the responsive documents.

this case at the Initial Pretrial Conference on August 13, 2014. They agreed to such dates, knowing that their document collection and production usually takes 3 months, and knowing that even if Belmora served its requests for production on the day of the Initial Pretrial Conference, Belmora would not receive its requested discovery in time to review it or use it in any meaningful way for depositions prior to the close of discovery.

According to his firm bio, Bayer's counsel has represented Bayer in at least 10 other litigated matters unrelated to this case.[7] From his experience with his client, Bayer's counsel should have known that Bayer CC AG and Bayer Healthcare would not be able to comply with the schedule in this case. Nevertheless, he did not alert Belmora to any problems until 2 days ago.

While Belmora has no reason to believe that Bayer's counsel is not making a good faith effort to collect and produce documents, if Belmora does not receive all responsive, non-privileged documents from Bayer by November 3, 2014, it will be prejudiced because it will have insufficient time to review the production and use such documents in its noticed depositions. Indeed, Belmora understands from Bayer CC AG and Bayer Healthcare's counsel that they will not be able to fully respond to Belmora's discovery requests even by the end of discovery. Thus, Belmora will be further prejudiced because it will not receive all of the discovery that it is entitled to support its claims and defenses in this matter. Indeed, many of the issues in this case, such as whether FLANAX sales take sales from ALEVE, can only be resolved through discovery of Bayer CC AG and Bayer Healthcare.[8]

---

[7] *See* http://www.pattishall.com/ourteam/PhillipBarengolts-118.aspx.

[8] Bayer's counsel noted in the meet and confer that the record from the TTAB decision below is part of the record in the instant proceeding. However, as discussed above, there is now an additional litigant, namely Bayer Healthcare, pressing a new theory regarding a new mark. Furthermore, there are few documents from Bayer CC AG in the TTAB record.

Upon information and belief, Bayer began preparing for this litigation as early as March 2014 when it contacted Pinkerton Consulting and Investigations, Inc. to conduct an undercover investigation regarding Belmora's FLANAX product.  (*See* Dkt. 28-2 (14-cv-4433 (C.D. Cal.)))  Bayer subsequently filed this litigation against Belmora in California in June 2014.  Bayer further was aware from the Initial Pretrial Conference on August 13, 2014 that this Court would not move the November 20, 2014 Final Pretrial Conference.  Therefore, having to collect and produce documents to Belmora related to Bayer's causes of action in advance of the close of discovery could not have come as a surprise to Bayer.

Because Belmora will be prejudiced if Bayer CC AG and Bayer Healthcare do not fulfill their discovery obligations, as required by the Federal Rules, and produce all relevant, responsive, non-privileged documents, and because Bayer CC AG and Bayer Healthcare have indicated to Belmora that they do not intend to do so, Belmora is requesting that this Court grant its Motion to Compel and require Bayer CC AG and Bayer Healthcare to fully respond and produce all responsive documents relating to Belmora's Requests for Production by November 3, 2014.[9]

                              Respectfully submitted,

Dated: October 17, 2014                     /s/
                                            John N. Jennison (VSB No. 36,824)
                                            John@JennisonLaw.com
                                            JENNISON & SHULTZ, P.C.
                                            2001 Jefferson Davis Highway, Suite 1102
                                            Arlington, Virginia 22202-3604
                                            Phone: (703) 415-1640
                                            Fax: (703) 415-0788

---

[9] Belmora is willing to accommodate changes to the dates of its noticed 30(b)(6) depositions, to the extent possible, given the number of depositions that need to be taken.

Martin B. Schwimmer (admitted *pro hac vice*)
schwimmer@leasonellis.com
Lauren B. Sabol (admitted *pro hac vice*)
sabol@leasonellis.com
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023

John L. Welch (admitted *pro hac vice*)
jwelch@lalaw.com
LANDO & ANASTASI, LLP
One Main Street, 11th Floor
Cambridge, MA 02142
Tel: (617) 395-7000
Fax: (617) 395-7070

*Attorneys for Plaintiff*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on the 16th day of October, 2014, I conferred with counsel for Bayer Consumer Care AG and Bayer Healthcare LLC in a good faith effort to resolve issues in this Motion to Compel. The parties were unable to reach an agreement.

        /s/
Martin B. Schwimmer (admitted *pro hac vice*)
schwimmer@leasonellis.com
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2014, that I electronically filed the foregoing **BELMORA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL** with the Clerk of Court, using the CM/ECF system, which will then send notification of such filing, and I caused to serve a true and correct copy of the foregoing **BELMORA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMEPL** by hand delivery, upon the following counsel for Bayer Consumer Care AG and Bayer Healthcare LLC:

>Robert J. Shaughnessy
>bshaughnessy@wc.com
>WILLIAMS & CONNOLLY LLP
>725 Twelfth Street, N.W.
>Washington, D.C. 20005

>/s/
>John N. Jennison (VSB No. 36,824)
>JENNISON & SHULTZ, P.C.
>2001 Jefferson Davis Highway, Suite 1102
>Arlington, Virginia 22202-3604
>Phone: (703) 415-1640
>Fax: (703) 415-0788
>John@JennisonLaw.com